**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| WILLIAM DAVID HEFFLEY,<br><br>Plaintiff,<br><br>v.<br><br>DEKALB COUNTY POLICE DEPARTMENT, et al.,<br><br>Defendants. | CASE NO. 1:25-CV-434-HAB-ALT<br>NO. 1-26-CV-271-HAB-ALT |

**OPINION AND ORDER**

Plaintiff William Heffley ("Heffley"), without a lawyer, has filed motions in this case (ECF No. 97) and another, *Heffley v. Dekalb Cnty. Jail*, No. 1:25-CV-422 (ECF No. 3), requesting disqualification of Magistrate Judge Andrew L. Teel pursuant to 28 U.S.C. § 455(a). According to Heffley, Magistrate Judge Teel made certain remarks at the August 11, 2026 Rule 16 Preliminary Pretrial Conference in this case (ECF No. 86) which have led Heffley to believe that Magistrate Judge Teel cannot be impartial in these matters.

Title 28 U.S.C. § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Id.* The purpose of this statute "is to preserve the appearance of impartiality." *Weddington v. Zatecky*, 721 F.3d 456, 461 (7th Cir. 2013) (quoting *United States v. Johnson*, 680 F.3d 966, 979 (7th Cir. 2012)). The Supreme Court has held that disqualifying bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In *Litkey v. United States,* 510 U.S. 540, 555 (1994), the Supreme Court confirmed that "[j]udicial rulings alone almost never constitute a valid basis for bias or partiality motion" under § 455(a) and that § 455(a) recusal is

almost always predicated on an extrajudicial source. *Id*. at 554-55; *see also O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158–59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Spangler v. Sears, Roebuck & Co.,* 759 F. Supp. 1327, 1329 (S.D. Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)); *see also Secrease v. W. & S. Life Ins. Co.*, 2015 WL 7096295, * 3 (S.D. Ind. Nov. 12, 2015) ("Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal.").

From the outset, Heffley has offered no extrajudicial grounds for disqualification of Magistrate Judge Teel in this or any other of Heffley's cases, and his requests can be denied on that basis alone. Moreover, the Court has reviewed the audio recording for the August 11 Rule 16 conference and found that Magistrate Judge Teel made no remarks[1] showing any sort of bias for or against either party. Rather, Magistrate Judge Teel offered firm but fair explanations to both parties for how the proceeding would take place. That Heffley is dissatisfied with Magistrate Judge Teel's manner is immaterial to whether Magistrate Judge Teel is impartial. Simply put, recusal is not necessary under 28 U.S.C. § 455 because a reasonable person would not perceive a significant risk that Magistrate Judge Teel will resolve the case on a basis other than on the merits. *See Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*, 2015 WL 9051333, at *5 (E.D. Wis. Dec. 16, 2015).

For this reason, Heffley's Motion for Disqualification of Magistrate Judge and Reassignment (ECF No. 97) is DENIED. Likewise, Heffley's Motion for Transfer, Reassignment,

---

[1] Heffley claims that at the conclusion of the proceeding Judge Teel made a remark "substantially to the effect of, 'Thanks for coming to the show.'" (ECF No. 97). The Court found no such remark made.

and Other Appropriate Relief to Preserve Impartiality in Case Number 1:25-CV-422 (ECF No. 3) is DENIED. The Clerk is DIRECTED to docket this Order in both the captioned cases.

SO ORDERED this 9th day of November 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT